PER CURIAM.
The appellant was arrested and charged with drunk driving in the City of Miami, under a traffic ordinance of Metropolitan Dade County which had superseded the city’s traffic ordinance for such offense.[1] He sought release on a petition for writ of habeas corpus in the circuit court. On hearing, the writ was discharged and the petitioner was remanded to the custody of the respondent sheriff.
Petitioner appealed, contending the ordinance is invalid for insufficiency in its title and because the minimum penalty provided therein is more than the minimum penalty provided in the state law governing such an offense. We hold appellant’s contentions are without merit and affirm. The ordinance is valid under the requirements of title and notice, as set out in § 1.02(b) of the Metro Charter.[2] See 62 C.J.S. Municipal Corporations § 415; 37 Am.Jur., Municipal Corporations, § 146. The penalties prescribed in the ordinance were within the authority therefor as granted in § 6.15(B) of the Metro Charter. The fact that the penalty prescribed in the ordinance fixed a minimtim higher than the minimum specified in the State law relating to such an offense did not bring the ordinance in conflict with applicable state law within the meaning of the prohibition against such conflicts as contained in subsection (5) of section 11 of Article VIII of the Constitution, F.S.A., the home rule amendment. The conflict provision did not require that the state and Metro penalties be identical.
Affirmed.

. Miami Shores Village v. Cowart, Fla. 1959, 108 So.2d 468.

. “Every ordinance shall be introduced in writing and shall contain a brief title. The enacting clause shall be ‘Be it Ordained by the Board.’ After passage on first reading, a short summary of the ordinance shall be published in a daily newspaper of general circulation at least once together with a notice of the time when and place where it will be given a public hearing and be considered for final passage. The first such publication shall be at least one week prior to the time advertised for hearing. No ordinance shall be declared invalid by reason of any defect in publication or title if the published summary gives reasonable notice of its intent.”